UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ERINN MORIARTY,                           )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )   No. 1:25-cv-00281-JRO-TAB
                                          )
WRIGHT & ASSOCIATES, P.C. Clerk's         )
Entry of Default Entered on 5/20/2025,    )
RONALD A WRIGHT Clerk's Entry of          )
Default Entered on 5/20/2025,             )
                                          )
                    Defendants.           )

**ORDER ENTERING DEFAULT JUDGMENT**

Before the Court is Plaintiff Erinn Moriarty's Motion for Default Judgment. Dkt. [10]. In the motion, Plaintiff seeks entry of default judgment. Defendants Wright & Associates, P.C. and Ronald Wright have not responded or otherwise participated in this case. On May 20, 2025, the Clerk of Court entered default against both Defendants. Dkt. 9. For the reasons that follow, and pursuant to Federal Rule of Civil Procedure 55, Plaintiff's motion for default judgment, dkt. [10], is **GRANTED.**

## I.    BACKGROUND

Unless otherwise stated, the following facts are taken from the Complaint and are accepted as true based on the Clerk's entry of default. *See* Fed. R. Civ. P. 55(b); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). The Court also finds the other facts summarized in this Order are true by a preponderance of the evidence based on the uncontested evidence submitted by Plaintiff.

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, and the Indiana Wage Payment Statute, Ind. Code § 22-2-5 *et seq.* Dkt. 1 at 1. Defendant Wright & Associates, P.C., is a law practice in Carmel, Indiana. Defendant Ronald Wright is a suspended Indiana attorney.[1] Defendants employed Plaintiff as a paralegal from October 11, 2022 to February 11, 2025. She answered phones, communicated with clients and customers, and placed interstate online orders for supplies and products. Dkt. 1 at 3. Wright was responsible for day-to-day operations at the law office, including hiring and firing employees, directing and supervising employees, and signing off on corporate checking accounts, such as payroll accounts—thus granting him authority to make decisions as to wage and overtime payments. Dkt. 11 at 4. In other words, Defendants were at all times an "employer" as defined in Section 203(d) of the FLSA, 29 U.S.C. § 203(d), and under, the Indiana Wage Payment Statute, Indiana Code § 22-2-5-2.

As explained in her affidavit attached to her motion, Plaintiff typically worked 38–39 hours per week but was also at times required to work weekends, causing her to exceed forty hours in a single workweek. Plaintiff was not paid an overtime premium for these excess hours but emphasizes she does not seek unpaid overtime wages. Dkt. 11 at 1, n.1. Plaintiff instead focuses on unpaid wages "for all her hours worked" from October 2024 until February 11, 2025.

---

[1] The Court takes judicial notice of Wright's indefinite suspension from the practice of law in Indiana and this Court. *In re Wright*, No. 25S-DI-00150, 272 N.E.3d 501 (Ind. 2026) (mem.); 1:25-mc-00037-TWP-KMB, ECF Nos. 2 & 2-1 (S.D. Ind. July 14, 2025).

*Id.* at 6.    Despite not being paid, Plaintiff continued to work full time and "regularly asked [Wright] when [she] would be paid" for her work.   Dkt. 11-1 at 2.    In support, Plaintiff submits a copy of a "Promissory Note of Repayment," signed by Wright and Moriarty and dated January 9, 2025, in which Wright acknowledges Plaintiff had not been paid and promised to fully compensate Plaintiff for her unpaid wages.   *Id.* at 6.    The amount of back pay stated in the Promissory Note is $15,246.00.   As Plaintiff explains, "Defendants paid me no additional wages" after the execution of the promissory note, and she resigned on February 12, 2025.   *Id.* at 3.    The promissory note serves two purposes.   First, it shows Defendants "acted in bad faith by refusing to pay [Plaintiff's] earned wages" despite knowing that Plaintiff had not been paid for many months.   Dkt. 11 at 8.    Second, it makes damages in this case easily calculable.

For damages, Plaintiff seeks $15,246.00 in unpaid wages and $30,492.00 in liquidated damages for a total of $45,738.00 under the Indiana Wage Payment Statute.   Dkt. 11 at 18, 22.    Plaintiff also seeks $5,985.00 in attorney's fees and costs pursuant to the FLSA and the Indiana Wage Payment Statute.   *Id.* at 20.

## II.    LIABILITY

Federal Rule of Civil Procedure 55 sets forth a "two-step process" for obtaining a default judgment.   *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).    First, the plaintiff must seek an entry of default from the Clerk.   Fed. R. Civ. P. 55(a); *see VLM Food*, 811 F.3d at 255 ("The basic effect of an entry of default is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." (cleaned up)).

3

Second, the moving party must seek entry of a default judgment against the defaulting party.  Fed. R. Civ. P. 55(b).  The court may enter a default judgment against a party who has failed to plead or otherwise defend itself.  *Id.*  The decision to grant or deny a default judgment is within the court's discretion.  *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (indicating a decision on default judgment is reviewed for abuse of discretion).

As previously noted, the Clerk entered default against Defendants on May 20, 2025.  Dkt. 9.  That was step one under Rule 55.  That entry of default "'d[id] not of itself determine rights,'" but established the facts of Plaintiff's well-pled allegations relating to liability.  *VLM Food*, 811 F.3d at 255 (quoting *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir. 1972), and citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

### III.    RELIEF

Notwithstanding the entry of default, Plaintiff must still prove damages under Rule 55 unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *see Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

Here, Plaintiff seeks unpaid wages, liquidated damages, and attorney's fees and costs under the minimum wage and overtime requirements of the FLSA and Indiana Wage Payment Statute.  Plaintiff argues that the amount in damages is made clear by Defendants' executed Promissory Note and bolstered by Defendants' refusal to participate in this lawsuit, which in essence precludes

4

discovery. Dkt. 11 at 1. Given that Defendants have not contested these facts, the Court agrees and finds the damages capable of ascertainment from definite figures contained in the evidence presented by Plaintiff.

## A. Damages Under the FLSA

An employer who violates the FLSA's overtime provisions "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff only seeks a judgment against Defendants under FLSA as to liability. Dkt. 11 at 21. Liability was established when the Clerk entered default against Defendants. To avoid a "double recovery," Plaintiff does not seek damages under the FLSA but seeks damages only under the Indiana Wage Payment Statute. Thus, the Court will enter default judgment under the FLSA against Defendants on liability but not damages.

## B. Damages Under The Indiana Wage Payment Statute

The Indiana Wage Payment Statute entitles plaintiffs to recover all wages they were owed but their employer failed to pay. Ind. Code § 22-2-5-2. As previously noted, Plaintiff was not paid from October 2024 through February 2025. Plaintiff does not seek any overtime wages that she was not paid. Dkt. 11 at 1 n.1. She represents that she is owed $15,246 in unpaid regular wages. Dkt. 11 at 12; Dkt. 11-1 at ¶¶ 8–15; Dkt. 11-1 at 6. The Court finds that this amount represents the unpaid wages Plaintiff was owed.

Plaintiff also seeks liquidated damages. When an employer is determined not to have acted in good faith, plaintiffs are entitled to an award of liquidated

5

damages equal to twice their unpaid wages.  Ind. Code § 22-2-5-2.  In fact, these damages are "mandatory."  *Valadez v. R.T. Enters., Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995).

Liquidated damages are appropriate here. *See Cramer v. Truth Treatment Centers LLC*, No. 1:24-CV-00313-JPH-MJD, 2024 WL 3520372, at *2 (S.D. Ind. July 23, 2024); *Chavezberrios*, 2026 WL 999815, at *3 (citing *Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment)).  Defendants have not acted in good faith.  They have failed to pay Plaintiff despite acknowledging she was owed thousands.  They promised to pay her, which induced her to continue working despite not being paid.  Moreover, they failed to participate in this lawsuit.

Thus, Plaintiff is entitled to liquidated damages totaling double the amount of her unpaid wages: $30,492.00.  *See Chavezberrios v. MHH Servs., LLC*, No. 1:25-cv-00300-SEB-MJD, 2026 WL 999815, at *3 (S.D. Ind. Apr. 13, 2026) (citing *Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017)) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment).

## C. Defendants' Joint and Several Liability

"The word 'employer' is defined broadly enough in the [FLSA] . . . to permit naming another employee . . . as defendant, provided the defendant had supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation."  *Riordan v. Kempiners*, 831 F.2d 690,

6

694 (7th Cir. 1987).  The Indiana Wage Payment Statute similarly defines an "employer" as "every person, firm, partnership, association, corporation, limited liability company, receiver, or other officer of any court of this state, and any agent or officer of any of the above mentioned classes, employing any person in this state."  Ind. Code § 22-2-9-1(a).

Here, Plaintiff argues that Wright exerted control over Wright & Associates, P.C., to include hiring and firing employees, executing payroll, exercising authority over corporate accounts, and directing and supervising employees. Wright's execution of the Promissory Note also evinces his control over the firm. Plaintiff adequately establishes that Wright was her employer for the purposes of assessing joint and several liability under the FLSA and the Indiana Wage Payment Statute.  Plaintiff may accordingly seek to execute the judgment against either Wright & Associates, Wright himself, or both of them.  *See Watts v. Laurent,* 774 F.2d 168, 179 (7th Cir. 1985) (citing *Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 260 (1979); Restatement (Second) of Torts, § 882 ("where several independent actors concurrently or consecutively produce a single, indivisible injury . . . the injured party may proceed to judgment against any or all of the responsible actors . . . ."))

### D. Attorney's Fees & Costs

Both the FLSA and the Indiana Wage Payment Statute allow a plaintiff to recover attorney's fees and costs.  29 U.S.C. § 216(b); Ind. Code § 22-2-5-2.  To determine the amount of reasonable attorney's fees, Courts in this jurisdiction apply the "lodestar" method, which entails multiplying the hours reasonably

expended on the litigation by the reasonable hourly rate.  *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 639–40 (7th Cir. 2011)).  "A reasonable hourly rate should reflect the attorney's market rate, defined as the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

Here, Plaintiff requests $5,985.00 in attorney's fees and costs.  Plaintiff's counsel, Robert J. Hunt, sets forth an affidavit that details his credentials and examples of cases in which he has worked that pose similar issues to the case at bar.  Dkt. 11-2 at 2–5.  Hunt represents that he worked 12.4 hours on this matter at a billing rate of $450/hour, for a total of $5,580.00.  *Id.* at 7.  He attached a copy of his billing invoices and itemizes these hours worked.  *Id.* at 10–11.  The amount of costs sought are $405 filing fees of this Court.  Hunt represents that this rate is reasonable.

An award of attorney's fees and costs is appropriate here.  The amount Hunt seeks for attorney's fees is reasonable.  *Turentine v. Am. Glob. Mgmt., LLC*, No. 1:19-cv-01753-JPH-DLP, 2020 WL 551115, at *2 (S.D. Ind. Feb. 4, 2020) (awarding attorney's fees and finding that a rate of $400/hour for attorney time in 2020 was reasonable for similar wage claim work); *Chavezberrios*, 2026 WL 999815, at *5 (awarding attorney's fees and finding that a rate of $450/hour for attorney time in 2026 was reasonable for similar wage claim work). Hunt has been an attorney for over ten years and provides a long case list detailing his

experience in similar matters.  He also helpfully directs the Court to recent case law summarizing reasonable attorney's fees for similar work that he performed in this case and how his rate has increased over time to reflect his experience and inflationary pressure in the legal market.  Moreover, the Court finds that 12.4 hours worked on this matter is not unreasonable. *See Cramer*, 2024 WL 3520372 at *2 (awarding rate of $325/hour for 10.7 hours of attorney time in 2024); *Chavezberrios*, 2026 WL 999815, at *5 (awarding rate of $450/hour for 12.7 hours of attorney time in 2026).

### IV.    CONCLUSION

For the reasons stated, Plaintiff's motion for default judgment, dkt. [10], is **GRANTED.**  Judgment is entered against Defendants under the FLSA and the Indiana Wage Payment Statute.  Defendants are jointly and severally liable for $15,246.00 in unpaid wages; $30,492.00 in liquidated damages; and $5,985.00 in attorney's fees and costs, for a total of $51,723.00.  Final judgment shall issue by separate entry.

**SO ORDERED**.

Date: 5/18/2026

_____
Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Robert J. Hunt
LAW OFFICE OF ROBERT J. HUNT, LLC
rob@indianawagelaw.com

Wright & Associates, P.C.
300 E Main St
Carmel, IN 46033


Ronald A. Wright
300 E Main St
Carmel, IN 46033